**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

```
UNITED STATES,            )
       APPELLEE ,         )
                          )
v.                        )   Case No(s): 12-3142 and 12-3143
                          )
                          )   Dist/AG
WILLIAM LEONARD PICKARD,  )   docket:      00-CR-40104-01
       APPELLANT,         )                00-CR-40104-02
                          )
v.                        )
                          )
CLYDE APPERSON            )
       APPELLANT          )
```

**MOTION FOR JUDICIAL NOTICE ON APPEAL**

 **COMES NOW**, the Appellants, William Leonard Pickard, and Clyde Apperson, by and through their counsel, William K. Rork – **"RORK LAW OFFICE,"** and in support of this **"MOTION FOR JUDICIAL NOTICE...,"** would advise the Court as follows:

 1. Oral argument was conducted on May 7, 2013 in *U.S. v. Pickard and Apperson*, before this Court (Case Nos. 12-3142 and 12-3143).

 2. Defendants requested the district court in accord with Fed. R. App. P. Rule 10(e)(2)(B)(correction of omission in record) and 10th Cir. R. 11.2 and 11.3(D)(sealed materials), to forward to this Court, the records at issue in this proceeding, viz. the district court's sealed "confidential informant file" containing the "risk assessment."

 3. The district court also was requested to supplement the record on appeal with Doc. 734, a motion for judicial notice, submitted on March 21, 2013, requesting

      confirmation by the district court of the types of documents in the court's aforementioned sealed files. The government failed to respond to this motion for months. (See paragraph 7, infra).

4. However, the types of documents in the district court's sealed "confidential informant file" previously were described in detail - without objection by the government - in Defendant's motion for unsealing at issue here, (Doc. 657, p. 10-15), as consisting of the "risk assessment" and three brief quarterly reports on informant Skinner. (01/19/01, 03/30/01, and 06/27/01).

5. The types of documents in the sealed file were also described in Appellants' opening brief [01018897497]. The Government also referred to the "confidential informant file" consisting of the "risk assessment" and the three quarterly reports, in response to the opening brief, (Case No. 12-3142 [01018975924], fn. 5, filed January 2, 2013).

6. The Government, in response to Defendants' description of the document types in the district court's sealed "confidential informant file" containing the "risk assessment," also previously has conceded Defendants' knowledge of the "documents in question" and further conceded "district court possession of the actual sealed file, district court reference to these documents in opinions, and reliance on the documents by

3

      the U.S. Court of Appeals for the Tenth Circuit." (Doc. 666, item 5, at p. 3).

7. As the motion for judicial notice of March 21, 2013 was never ruled upon by the district court, and the Government failed to respond, a motion for ruling was submitted to the district court on May 2, 2013 (Doc. 736). Without explaining its neglect in not responding previously, the government objected to the motion. The district court on May 13, 2013 nevertheless granted the motion, and in it's order (Doc. 739, p. 2) provided judicial notice the district court's sealed "CI file" containing the "risk assessment" consisted of the aforementioned documents (i.e. the "risk assessment" and three quarterly reports on Skinner (01/19/01, 03/30/01, and 06/26/01).

8. The district court's judicial notice confirmed the types of documents in the CI file, as corresponding with the four (4) types of documents described in the motion to unseal, at issue here, (Doc. 657, p. 10-15), which also were described in Defendants' opening brief, and in the Government's response to the brief. (See paragraph 5, supra).

9. However, it is important to note the district court, in providing judicial notice, also stated the file contained "other records." (Order, Doc. 739, p. 2). This discrepancy indicated the sealed file may have

      been altered, and the "other records", not provided to defense counsel, prior to the instant appeal.

10. Hence, the district court was requested to permit inspection of the "CI file", containing the "risk assessment", prior to its transmission to this Court. On June 5, 2013, defense counsel was permitted to inspect the file.

11. Defendants hereby request this Court take judicial notice of the types of documents in this Court's copy of the district court's sealed "confidential informant file" consisting of the "risk assessment" and the three quarterly reports (01/19/01, 03/30/01, and 06/27/01), as requested prior to oral argument, to be transmitted to the Tenth Circuit (see Notes of Advisory Committee on Rules, Fed. R. Evid. 201(f)(noting judicial notice may be taken at any stage of the proceedings, including on appeal; and see *Guttman v. Khalsa*, 669 F.3d 101, fn 5 (10th Cir. 2012)(noting this Court has authority to take judicial notice even of district court filings not part of the record on appeal)(same, *U.S. v. Smalls*, 605 F. 3d 765, 768 (10th Cir. 2010).

12. Defendants also request judicial notice of the "other records" and the dates of the records appearing in this Court's copy of the district court's sealed confidential informant file.

13. In 2008, counsel for Appellants also was permitted to view the file, which at that time, contained four (4)

5

  documents (the "risk assessment," and three quarterly reports (01/19/01, 03/30/01, 06/27/01).

14. This motion is based in part on the following events:

  A. During the June 5, 2013 meeting with AUSA Greg Hough, to review the district court "confidential informant file," prior to its being forwarded to this Court, AUSA Hough appeared with substantive additional DEA documents, which were not present in the original sealed district court file.

  B. These additional documents were forwarded by the District Court Clerk to this Court, in addition to the original sealed district court file, and included a statement of the additional records by which the Government altered the file.

  C. In light of the above alterations by the Government in the district court's "confidential informant file," prior to forwarding to the Tenth Circuit, this Court is requested - in its judicial notice of the types of documents in the file - to distinguish between the documents in the original sealed district court file, and the documents by which the Government, on June 5, 2013, has altered or supplemented the original sealed file.

15. Judicial notice is also requested of the document types and dates of each of the new documents now present in

6

the district court's sealed "confidential informant file."

16. Defendants' reason for requesting judicial notice by this Court is to ensure the correctness of this Court's copy of the district court's "confidential informant file" consisting of the "risk assessment" and the three quarterly reports, after its forwarding to this Court as part of the record on appeal, and to describe with specificity the types of documents and their dates in the "other records" therein, recently described by the district court.

17. Defendants have noted the Government previously has altered an exhibit in these proceedings (see Appellate Brief [01018897497], p. 25, citing *U.S. v. Pickard*, 278 F. Supp. 2d 1205, 1208 (2003), stating with regard to Government exhibit of Defendant's contact list "DEA references had been deleted by computer analysts at DEA" and noting "this incident is perhaps the more serious example of government misconduct").

18. The District Court previously has taken judicial notice of four (4) records in the sealed "confidential informant file." (Doc. 739).

19. This Court may take judicial notice of its own files, which now includes the "confidential informant file," altered by the Government, (Fed. R. Evid. 201(b), (c); and see *United States v. Smalls*, 605 F.3d 765, 768, n.2 (10th Cir. 2010); *Pueblo of Sandia v. United States*, 50

       F.3d 856, 861, n. 6 (10th Cir. 1999)(judicial notice of Government reports and documents not contained in the record below.)

20. Judicial notice in this instance would confirm the extent of the records by which the Government altered the file, and prevent any ambiguity over the types of documents in the record before this Court.

21. Upon judicial notice, Appellants will seek to correct the record on appeal by submitting a motion to supplement, with evidence of additional documents still not included by the Government in the altered "confidential informant file."

22. The Government was not contacted with regard to their position as to this motion, but presumably, object to the requested relief, given it's previous position as to similar motions and requests.

**WHEREFORE**, Defendants request judicial notice of the types of documents and their dates in this Court's copy of the district court's sealed "confidential informant file" containing the "risk assessment" as transmitted to the Tenth Circuit (viz. the "risk assessment," the three quarterly reports (01/19/01, 03/30/01, and 06/27/01), and judicial notice of the types of documents and their dates of the "other records" recently observed by the district court in the sealed file, and the types of documents and their dates which were added by the Government to the existing sealed district court "confidential informant file," and forwarded to this Court on June 7, 2013.

8

Respectfully submitted,

s/William K. Rork
WILLIAM K. RORK, #10109
**RORK LAW OFFICE**
1321 S Topeka Blvd
Topeka KS 66612-1816
785.235.1650
785.235.2421(fax)
rork@rorklaw.com
Attorney for Appellants

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify on the 16th day of June, 2013, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/William K. Rork
William K. Rork, #10109
**RORK LAW OFFICE**

## CERTIFICATION OF DIGITAL SUBMISSIONS

A copy of the foregoing was provided to the above-named recipients in digital format via ECF submission.

Further, all required privacy redactions have been made and, the digital submissions have been scanned for viruses with Symantec Antivirus Program 9.0.0.338, updated continuously and, according to the program, are free of viruses.

s/William K. Rork
WILLIAM K. RORK #10109