**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

```
UNITED STATES,            )
         APPELLEE  ,      )
                          )
v.                        )    Case No(s): 12-3142 and 12-3143
                          )
                          )    Dist/AG
WILLIAM LEONARD PICKARD, )     docket:     00-CR-40104-01
         APPELLANT,       )                00-CR-40104-02
                          )
v.                        )
                          )
CLYDE APPERSON            )
         APPELLANT        )
```

**MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

**COMES NOW**, Appellants, William Leonard Pickard, and Clyde Apperson, by and through their counsel, William K. Rork - "**RORK LAW OFFICE**," and in support of this "**MOTION TO SUPPLEMENT THE RECORD ON APPEAL**," advise the Court as follows:

Appellants seek to supplement the record on appeal with documents material to this Court's decision on the motion to unseal (Doc. 657), specifically:

a. a four-page transcript of the September 28, 2012 hearing in *Pickard v. DOJ*, 3:06-cv-00185-CRB (N.D.Cal), in which the Government admitted it refused for seven years to release a Vaughn Index - of the same records at issue here - because of its concerns Appellants might learn of the "quantity of records" (appended as Exhibit A herein).

b. Appellants' March 21, 2013 Motion for Judicial Notice of the document types in the district court's "CI File" (Doc. 734)(Ex. B herein).

2

    c.    Appellants' May 2, 2013 Motion for Ruling re Doc. 734 (Doc. 739, Ex. C herein).

    d.    An email dated May 24, 2013 from the Prosecutor to the District Court Clerk and Counsel for Appellants (Ex. D), in which the prosecutor and case agent both avow lack of knowledge of the contents of the district court "CI File", and their lack of a copy of the file during trial, the direct appeal, the 2255 proccedings, COA and Rule 60(b) proceedings, before the district court and this Court.  The prosecutor, in response to Appellants numerous 2255 motions to correct the file, repeatedly asserted, without evidentiary support, the file was complete.

The relevance of each of the documents is discussed infra.

**A.** **HEARING TRANSCRIPT IN** ***PICKARD V. DOJ***

Even upon reversal and remand from the 9th Circuit in *Pickard v. DOJ*, 653 F.3d 782 (July 27, 2011), based on a FOIA request made in 2006, DEA persisted through a seventh year in its refusal to release the confidential informant file of Gordon Todd Skinner.  DEA's intransigence prompted a contentious hearing on September 28, 2012, in the District of Northern California in which Judge Charles R. Breyer stated he would hold DEA in contempt and subject it to sanctions if the Vaughn Index was not produced.  The colloquy in *Pickard v. DOJ, Id.* states in part:

THE COURT:    Right. So have you filed your Vaughn Index?

3

MR. TSENG:          No. We had moved to file a Vaughn Index under seal, which was denied. And at that point we chose not to file a Vaughn Index.

THE COURT:          Okay. So even though the Ninth Circuit says in their opinion: "The Government must now produce a Vaughn Index in response to Pickard's request," the Government of the United States, as represented by the Executive Branch Department of Justice, has decided they don't have to follow the Ninth Circuit's direct order in this case; is that right?

Have I got that concept right?

When the Ninth Circuit tells me to do something -- it may come as a surprise to you -- I actually do it.  But if they tell you to do something, you don't do it.  So my question is: did you file cert?  Do you want the Supreme Court to tell you to do something?  Because what you filed doesn't even approach a Vaughn Index. It's not even close.  So you got five days to follow the -- file the Vaughn Index or I'm going to hold the Government in contempt, Okay?

MR. TSENG:          Yes, your Honor.

THE COURT:          Thank you very much.

4

MR. TSENG:       Your Honor, if I may --

THE COURT:       All motions are denied.  I'm not doing the
                 summary judgment motion and so forth.

MR. TSENG:       So on the Vaughn Index, if I may, we are prepared
                 to file a Vaughn Index within five days.  One of
                 the reasons we sought to file it under seal and
                 have not filed a public one is because we are
                 concerned the Vaughn Index would reveal dates of
                 activity or dates of the records, as well as the
                 quantity of records.

THE COURT:       I don't even understand that.  You mean that Mr.
                 Pickard will know how many records there -- I
                 assume all this will be publicly released -- how
                 many records involve the informant, to which I
                 say: "So what?"  If you say: "Well, if they found
                 out how many records involved the informant, then
                 X, Y and Z would occur," I'd say: "Well, X, Y and
                 Z good reasons."   But you don't even bother
                 saying that. What you say in your response is:
                      "It will disclose the number of contacts.
                      It will disclose the dates."  To which I
                      say: "Okay, So what?"
                 And there's no -- there's no answer to that.  You
                 didn't answer that.  I'm not letting another
                 round just because -- otherwise, I'll sanction
                 the Government.

5

> File the Index, File it.  It's not being filed
> under seal.  Do what the Ninth Circuit told you
> to do.  And if you don't like what the Ninth
> Circuit told you to do, take it to the United
> States Supreme Court, Okay?  They are available
> now.  They are in session, and you can get ahold
> of them.  And I can give you their telephone
> number if you have a problem.  Thank you very
> much.
>
> (end of colloquy).

Notably, DEA's reason before Judge Breyer for its refusal to release the confidential informant file - also at issue before this Court, and alleged to have been provided to counsel for Appellants - was "we are concerned the Vaughn Index would reveal the dates of activity and the dates of the records, as well as the quantity of records." To this assertion, Judge Breyer responded, "I don't even understand that.  You mean Mr. Pickard will know how many records there are, how many records involve the informant, to which I say: 'So what?'"

The Vaughn Index of the confidential informant file - released only upon threat of contempt and sanctions against DEA -consisted of over 300 pages.  By contrast, Appellants' Motion to Unseal, at issue here (Doc. 657) concerned the district court's "CI File", viewed by Counsel for Appellants in 2008, and which consisted of four (4) documents of nine (9) pages total.  DEA's concern about Appellants knowing the "quantity of records" reflects this discrepancy.

6

**B.**   **APPELLANTS MOTIONS FOR JUDICIAL NOTICE OF THE CONTENTS OF THE DISTRICT COURT'S "CI FILE"**

As noted, in 2008 counsel for Appellants was permitted to view the district court's "CI file."  The Motion to Unseal, at issue here, (Doc. 657, p. 10-15) described in detail the contents of the file, as consisting of four (4) documents of nine (9) pages (viz. the "risk assessment," and the reports of 1/91/01, 3/30/01 and 6/27/01).  Importantly, in its response to the Motion to Unseal, the Government did not correct, or even dispute this description of the contents of the district court's file.

Appellants' opening brief in this appeal also described the contents of the district court's "CI File", as consisting of the four documents [01018897497] at p. 17; stating: "Skinner's informant file, sealed by the district court, consists only of a few pages"; and *Id.* at 24: "The sealed documents are very limited, consisting only of the purported three-page 'risk assessment' and three brief quarterly reports on Skinner (1/19/01, 3/30/01, and 6/27/01)."  In its response to Appellants' brief, the Government, for a second time, failed to correct or dispute Appellants' description of the contents of the file [see Response Brief, 01018975924, p. 20].  The Government even relied on the "limited" four documents, to support its response, first stating:

> "Moreover, the Defendants do not need access to the information in the sealed documents because they acknowledge they have already had full and complete access to it. Indeed, the defendants downplay the substantive importance of the documents, note they have their contents in prior

pleadings in the district court, and acknowledge they have inspected the sealed file (fn 5)." (*Id.*, at 20).

The footnote in the Government's response (*Id.*, at fn 4) then states:

> "See Appellants' Brief, at 1 ("Defendants explicitly described the details of the content of the 'CI File', containing the 'risk assessment' (See Doc. 657, p. 10-15), and specifically cited the decisions referring to, or duplicating the same content. Importantly, the sealed documents are very limited, consisting only of the purported three-page 'risk assessment' and three brief quarterly reports on Skinner (1/19/01, 3/30/01, and 6/27/01), the latter consisting primarily of boilerplate language, and devoid of substantive facts other than those discussed in the district court's orders."

At oral argument, the Government, for the third time, failed to correct or dispute Appellants' description of the district court's sealed "CI File" at issue.

In light of DEA's concerns in the hearing in *Pickard v. DOJ, Id.*, about revealing the "quantity of records," and the discrepancy between the 300+ page Vaughn Index, and the nine (9) pages observed in the 2008 inspection of the district court file, Appellants on March 19, 2013 - well before oral argument on May 9, 2013 - requested the district court take judicial notice of the types of documents in its "CI File," and specifically the four types of documents described in the Motion to Unseal, at issue in this appeal. (see Doc. 734).

However, the Government, without explanation, failed to respond, and the district court made no order. Appellants, on May 2, 2013, - again before oral argument - then submitted a Motion for Ruling (Doc. 736), concerning the uncontested motion.

8

The Government, for a fourth time, not correcting or disputing Appellants' description of the file, as consisting of nine pages, then, on the day of oral argument, objected to any judicial notice of the document types in the district court's "CI File" (Doc. 738).  The District Court, nevertheless, granted the motion, describing in its order the four types of documents in the district court "CI File", as described by Appellants in the Motion to Unseal, but also noted the presence of "other records" in the file (Doc. 739, p. 2).

Importantly, throughout the District Court and Appellate proceedings on the Motion to Unseal - until the in camera district court meeting on June 5, 2013 (discussed, *infra*), - the Government, on four occasions, never corrected or disputed Appellants description of the file, as consisting only of the four document types ("risk assessment" and reports of 1/19/01, 3/30/01, and 6/27/01).  Thus, the Government, in its numerous responses in this proceeding, consistently failed to reveal the presence of "other records" in the sealed file.

C. **THE PROSECUTOR's EMAIL OF MAY 24, 2013**

Based on the appearance of "other records" in the District Court's sealed file, Counsel for Appellants then requested permission to review the sealed file, once again, since 2008, and also requested again the District Court's sealed "CI File", containing the "Risk Assessment", be forwarded to the Tenth Circuit.  Prior to oral argument, the Government, by email, inexplicably objected to the record on appeal being supplemented with the District Court's "CI File", at issue here. (Doc. 735, p.

9

3).  The in chambers review was granted, with the District Court thereafter stating in its Order (Doc. 741, p. 2):

> "The court informed counsel it was unsure the file was complete, since documents had been removed and replaced during the course of trial and following trial."

Appellants observe the District Court's sealed file, rather than being static, and unaltered during the post-trial proceedings, was, - and is now, - fungible, with its records being subject to removal and replacement, and the District Court thereby rendered "unsure" of the contents.  The completeness of the file is viewed as uncertain by the District Court, even though the integrity of the sealed file was relied upon by the District Court, and this Court, throughout the direct appeal, 2255, COA and Rule 60(b) proceedings and *Brady/Giglio* determinations.

Similar to the District Court's uncertainty, the prosecutor and case agent recently exacerbated these troubling ambiguities in a May 24, 2013 email to the District Court Clerk, and to Counsel for Appellants (Exhibit D herein), stating in relevant part:

AUSA Hough:    "As you'll recall, DEA brought the file to the court in chambers and took it with them when the trial concluded.  I was not allowed to have my own copy.  Given the passage of time, and having no copy of my own, I cannot speak definitively on what is, was, or should be in the CS file."

10

Agent Nichols: "Please note that I cannot attest to the completeness of the file the court currently has: I did not copy it, and did not review it prior to its submission to the Court during trial."

In sum, the prosecutor and case agent both averred, on May 24, 2013, they lacked knowledge of the contents and completeness of the District Court's sealed "CI File." The agent "did not review it, prior to its submission to the District Court at trial," "DEA took the file with them when the trial concluded," and the prosecutor "was not allowed to have my own copy." Under these unusual circumstances, the District Court, apparently managed to acquire and retain some version of the "CI File" for its review, in post-trial proceedings.

By contrast to the Government's concerns over Appellants knowing the "quantity of records" in the FOIA hearing, before Judge Breyer, the prosecutor and case agent now indicate they have no knowledge of the quantity of records.

Notably, Appellants, during the 2255 proceedings, and in multiple filings, requested the Government to correct the District Court's "CI File", to include missing records. Appellants filed a "Motion to Compel Production of Skinner's Records," (Doc. 571); a "Renewed Motion to Compel Production of Records and Correct the Record Concerning Sealed Documents", (Doc. 582); a "Motion for Discovery" of confidential informant records, (Doc. 586); and a "Motion to Amend/Correct the Record", (Doc. 589), to produce documents, to correct the District Court's sealed file.

The prosecutor, in his responses, consistently represented the District Court "CI file", was complete (e.g. in "full compliance with the regulations, practice and procedure" of DEA)(Doc. 666, p. 2, item 1). However, the prosecutor revealed on May 24, 2013, "I was not allowed to have my own copy", and "...having no copy of my own, I cannot speak definitively on what is, was, or should be in the CS file." In contrast, the prosecutor spoke most definitively in the 2255, COA, and Rule 60(b) proceedings, before this Court, in the absence of his copy.

As the email of May 24, 2013 now reveals, neither the prosecutor, nor agent, had a copy of the District Court's "CI File." Hence, the prosecutor's responses, in the direct appeal, 2255, COA and Rule 60(b) proceedings, were without evidentiary support. The prosecutor, while having no reference copy, and knowingly speculating on the contents, thereby attempted to influence, - and successfully did influence, - the District Court, and this Court, about the completeness and integrity of the file.

**D. THE GOVERNMENT'S ALTERATION OF THE DISTRICT COURT SEALED "CI FILE" IN THE JUNE 5, 2013, IN CHAMBERS MEETING**

This Court, in assessing the relevance of the documents proposed to be supplemented on appeal, may find the following narrative instructive. On June 5, 2013, in chambers, Counsel for Appellants observed the District Court "CI File" indeed had substantive "other records", since Counsel's first viewing, in 2008. The court clerk, prior to the meeting in chambers, prepared a description of the content of the District Court's

12

sealed file, existing prior to June 5, 2013, which on such date, included substantive "other records."

In an unusual event, the Government appeared in chambers, with an even greater number of documents, - almost 300 pages, and roughly corresponding to the Vaughn Index, which DEA declined for seven years to produce, due to its concerns over revealing the "quantity of records" to Appellants. Remarkably, the Government then requested these substantive documents be included in the District Court's existing sealed file. Counsel for Appellants did not object to the additional records being forwarded to the Court, as such records demonstrate the Government's protracted withholding of records from Appellants, the District Court, and this Court.

However, the District Court's sealed file, existing before June 5, 2013, - and the Government's additional documents which altered the existing file, - were forwarded in a single mailing labeled "Original 'Confidential Informant File' and 'Risk Assessment File'". (Doc. 742). Appellants are unaware if the Government's modification, or alteration of the "CI File" is distinguished therein, into two files (the District Court's original file, and the documents the Government added), or if these records are merged, possibly obfuscating the contents of the original District Court sealed file version, existing prior to the June 5, 2013, Government alteration, or the 2008 inspection by Appellants' Counsel.

13

**E.    THE ALTERED FILE AND THIS PROCEEDING**

Notably, this appeal concerns the Motion to Unseal (Doc. 657), the District Court's sealed "CI File", consisting of four (4), document types, and nine (9) pages, observed in 2008, to be therein. *Id.*, p. 10-15. The Government, on four occasions, never corrected, or disputed this description, since the filing of the Motion to Unseal.    However, this Court, - through the Government's various and conflicting actions and assertions, - now is confronted with a voluminous file, the extent of which DEA, only under threat of contempt and sanctions, first revealed in 2012, before Judge Breyer, but not before this Court, even through oral argument.

The Government was not contacted with regard to their position as to this motion, but presumably, the Government objects to the requested relief, given it's previous position as to similarly related motions and requests.

**WHEREFORE,** Appellants request the record on appeal be supplemented with the aforementioned documents.

Respectfully submitted,


s/William K. Rork
WILLIAM K. RORK, #10109
**RORK LAW OFFICE**
1321 S Topeka Blvd
Topeka KS 66612-1816
785.235.1650
785.235.2421(fax)
rork@rorklaw.com
Attorney for Appellants

14

### CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that on the 16th day of July, 2013, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/William K. Rork
William K. Rork, #10109
**RORK LAW OFFICE**

### CERTIFICATION OF DIGITAL SUBMISSIONS

A copy of the foregoing was provided to the above-named recipients in digital format via ECF submission.

Further, all required privacy redactions have been made and, the digital submissions have been scanned for viruses with Symantec Antivirus Program 9.0.0.338, updated continuously and, according to the program, are free of viruses.

s/William K. Rork
WILLIAM K. RORK #10109

**EXHIBIT A**

OCTOBER 9, 2012 HEARING TRANSCRIPT IN PICKARD v. DOJ, 3:06-00185-
CRB (N.D. Cal)(DOC. 167)

PAGES 1 - 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

WILLIAM PICKARD,                        )
                                        )
            PLAINTIFF,                  )
                                        )
    VS.                                 ) NO. C 06-00185 CRB
                                        )
UNITED STATES DEPARTMENT OF JUSTICE,)
                                        )SAN FRANCISCO,  CALIFORNIA
            DEFENDANT.                  )   FRIDAY
                                        )   SEPTEMBER 28,2012
_____)   10:00 O'CLOCK A.M.

### TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF:          MARK THOMAS RUMOLD, ESQUIRE
                        1333 GOUGH STREET, APT. 12G
                        SAN FRANCISCO, CALIFORNIA 94110


FOR DEFENDANT:          UNITED STATES ATTORNEY'S OFFICE
                        450 GOLDEN GATE AVENUE
                        SAN FRANCISCO, CALIFORNIA 94102
                        436-6927
                BY:  NEILL TAI TSENG, ASSISTANT UNITED
                        STATES ATTORNEY


*REPORTED BY:    KATHERINE WYATT, CSR 9866, RMR, RPR*
                *OFFICIAL REPORTER - US DISTRICT COURT*
                *COMPUTERIZED TRANSCRIPTION BY ECLIPSE*

```
 1    SEPTEMBER 28, 2012                      10:00 O'CLOCK  A.M.

 2

 3                     P R O C E E D I N G S

 4          THE CLERK:  CALLING CASE C06-0185, WILLIAM PICKARD

 5    VERSUS DEPARTMENT OF JUSTICE.

 6       APPEARANCES, COUNSEL.

 7          MR. RUMOLD:  GOOD MORNING, YOUR HONOR. MARK RUMOLD

 8    FOR WILLIAM PICKARD.

 9          MR. TSENG:  GOOD MORNING, YOUR HONOR.  NEILL TSENG

10    FOR THE DEPARTMENT OF JUSTICE.

11          THE COURT:  RIGHT. SO HAVE YOU FILED YOUR VAUGHN

12    INDEX?

13          MR. HUNG:  NO. WE HAD MOVED TO FILE A VAUGHN INDEX

14    UNDER SEAL, WHICH WAS DENIED. AND AT THAT POINT WE CHOSE NOT TO

15    FILE A VAUGHN INDEX.

16          THE COURT:  OKAY.  SO EVEN THOUGH THE NINTH CIRCUIT

17    SAYS IN THEIR OPINION:

18          "THE GOVERNMENT MUST NOW PRODUCE A VAUGHN INDEX IN

19       RESPONSE TO PICKARD'S FOIA REQUEST," THE GOVERNMENT OF THE

20    UNITED STATES AS REPRESENTED BY THE EXECUTIVE BRANCH DEPARTMENT

21    OF JUSTICE HAS DECIDED THEY DON'T HAVE TO FOLLOW THE NINTH

22    CIRCUIT'S DIRECT ORDER IN THIS CASE; IS THAT RIGHT?

23       HAVE I GOT THAT CONCEPT RIGHT?

24       WHEN THE NINTH CIRCUIT TELLS ME TO DO SOMETHING -- IT MAY

25    COME AS A SURPRISE TO YOU -- I ACTUALLY DO IT. BUT IF THEY TELL
```

KATHERINE WYATT, OFFICIAL REPORTER, RPR, RMR  925-212-5224

1   YOU TO DO SOMETHING, YOU DON'T DO IT.

2       SO MY QUESTION IS: DID YOU FILE CERT?  DO YOU WANT THE

3   SUPREME COURT TO TELL YOU TO DO SOMETHING?  BECAUSE WHAT YOU

4   FILED DOESN'T EVEN APPROACH A VAUGHN INDEX. IT'S NOT EVEN

5   CLOSE.

6       SO YOU'VE GOT FIVE DAYS TO FOLLOW THE -- FILE THE VAUGHN

7   INDEX OR I'M GOING TO HOLD THE GOVERNMENT IN CONTEMPT, OKAY?

8           MR. TSENG:  YES, YOUR HONOR.

9           THE COURT:  THANK YOU VERY MUCH.

10          MR. TSENG:  YOUR HONOR, IF I MAY --

11          THE COURT:  ALL MOTIONS ARE DENIED. I'M NOT DOING THE

12  SUMMARY JUDGMENT MOTION AND SO FORTH.

13          MR. TSENG:  SO ON THE VAUGHN INDEX, IF I MAY, WE ARE

14  PREPARED TO FILE A VAUGHN INDEX IN FIVE DAYS. ONE OF THE

15  REASONS WE SOUGHT TO FILE IT UNDER SEAL AND HAVE NOT FILED A

16  PUBLIC ONE IS BECAUSE WE ARE CONCERNED THAT THE VAUGHN INDEX

17  WOULD REVEAL DATES OF ACTIVITY OR DATES OF THE RECORDS, AS WELL

18  AS THE QUANTITY OF RECORDS.

19          THE COURT:  I DON'T EVEN UNDERSTAND THAT. YOU MEAN

20  THAT MR. PICKARD WILL KNOW HOW MANY RECORDS THERE -- I ASSUME

21  ALL THIS WILL BE PUBLICLY RELEASED -- HOW MANY RECORDS INVOLVE

22  THE INFORMANT, TO WHICH I SAY: "SO WHAT?"

23      IF YOU SAY:

24          "WELL, IF THEY FOUND OUT HOW MANY RECORDS INVOLVED

25      THE INFORMANT, THEN X, Y AND Z WOULD OCCUR," I'D SAY:

KATHERINE WYATT, OFFICIAL REPORTER, RPR, RMR  925-212-5224

```
 1              "WELL, X, Y AND Z GOOD REASONS."

 2         BUT YOU DON'T EVEN BOTHER SAYING THAT.  WHAT YOU SAY IN

 3    YOUR RESPONSE IS:

 4              "IT WILL DISCLOSE THE NUMBER OF CONTACTS. IT WILL

 5         DISCLOSE THE DATES," TO WHICH I SAY:

 6              "OKAY. SO WHAT?"

 7         AND THERE'S NO -- THERE'S NO ANSWER TO THAT. YOU DIDN'T

 8    ANSWER THAT. I'M NOT LETTING ANOTHER ROUND JUST

 9    BECAUSE -- OTHERWISE, I'LL SANCTION THE GOVERNMENT.

10         FILE THE INDEX. FILE IT.  IT'S NOT BEING FILED UNDER SEAL.

11    DO WHAT THE NINTH CIRCUIT TOLD YOU TO DO.  AND IF YOU DON'T

12    LIKE WHAT THE NINTH CIRCUIT TOLD YOU TO DO, TAKE IT TO THE

13    UNITED STATES SUPREME COURT, OKAY?  THEY ARE AVAILABLE NOW.

14         THEY ARE IN SESSION, AND YOU CAN GET AHOLD OF THEM. AND I

15    CAN GIVE YOU THEIR TELEPHONE NUMBER IF YOU HAVE A PROBLEM.

16         THANK YOU VERY MUCH.

17            MR. TSENG:  THANK YOU, YOUR HONOR.

18            MR. RUMOLD:  THANK YOU, YOUR HONOR.

19            (THEREUPON, THIS HEARING WAS CONCLUDED.)

20    STENOGRAPHY CERTIFICATION

21            "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
      FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
22            /S/ KATHERINE WYATT
              DATE OCTOBER 9, 2012
23            KATHERINE WYATT

24

25
```

KATHERINE WYATT, OFFICIAL REPORTER, RPR, RMR  925-212-5224

**EXHIBIT B**
MARCH 21, 2013 MOTION FOR JUDICIAL NOTICE REGARDING SEALED CI
FILE (DOC. 734)

Appellate Case: 12-3142   Document: 01019092167   Date Filed: 07/16/2013   Page: 21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case Nos.   00-40104-01-RDR |
| | )                  00-40104-02-RDR |
| WILLIAM LEONARD PICKARD | ) |
| | ) |
| Defendant | ) |
| v. | ) |
| | ) |
| CLYDE APPERSON, | ) |
| | ) |
| Defendant. | ) |

---

## MOTION FOR JUDICIAL NOTICE REGARDING SEALED CI FILE

**COMES NOW** the Defendants, William L. Pickard and Clyde Apperson, by and through their counsel, William K. Rork – **"RORK LAW OFFICE,"** and in support of this **"MOTION FOR JUDICIAL NOTICE...,"** would advise the Court as follows:

### FACTS

1.  On July 8, 2008, in response to Defendants' motions regarding the sealed "CI File" containing the "Risk Assessment" (e.g. Docs. 571, 575, 582), the Court "informally provided a copy to defense counsel." (August 15, 2008 Order, Doc. 588).

2.  The "CI File" provided by the Court contained four document types: (a.) the undated 11-point "Risk Assessment"; (b.) the

1

Quarterly Management Review of January 19, 2001; (c.) the

Quarterly Management Review of March 30, 2001; and (d). The

Deactivation report of June 27, 2001.

3.   On March 24, 2011, Defendants described these document types

(Doc. 657, p. 10-15) without objection by the Government.

4.   On July 27, 2011, the Ninth Circuit Court of Appeals, in

*Pickard v. DOJ*, 653 F.3d 782 (9th Cir. 2011) instructed DOJ

to release a Vaughn Index of Skinner's records.

5.   On October 3, 2012 DOJ publicly released redacted copies of

the documents in this Court's sealed "CI File" in a Vaughn

Index of Skinner's records in *Pickard v. DOJ,* (06-00185-CRB,

N.D. Cal.)(*Pickard I*)(Doc. 166), and described therein the

"Document Type" of each record viz:

(a). the undated "11-point Risk Assessment" (appended as

Exhibit A);

(b). the January 19, 2001 "Quarterly Management Review of

CS" (appended as Exhibit B);

(c). the March 30, 2001 "Quarterly Management Review of CS"

(appended as Exhibit C);

(d). the June 27, 2001 "Deactivation of CS" (appended as

Exhibit D).

6.   Defendants here seek only judicial notice this Court's "CI

File" consists of the aforementioned four document types:

(a). the undated 11-point "Risk Assessment"; (b). the

2

Quarterly Management Review of January 19, 2001; (c). the

Quarterly Management Review of March 30, 2001; and (d). the

Deactivation report of June 27, 2001.

### ARGUMENT AND AUTHORITY

The Court is permitted to take notice of its own files and

records. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568

(10th Cir. 2000); see also *St. Louis Baptist Temple, Inc. v.

FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)("the Court may take

judicial notice of its own files and records")(see also Fed. R.

Evid. 201(b)).

Judicial notice of sealed files occurs routinely. See *United

States v. Miles*, 2008 WL 516429, *1 (N.D. Okla., February 25,

2008)(*unpublished order*)(judicial notice of sealed file as

containing document bearing name of Grand Jury foreperson);

*United States v. Renzi,* 2011 WL 7628538, *7 (D. Ariz. November

21, 2011)(*slip copy*)(judicial notice that the sealed record

contained authorization of search warrant by judge); *A-W Land Co.

v. Anadarko E&P Co. LP*, 2012 WL 686107, *1 (D. Colo. March 2,

2012)(*slip copy*)(judicial notice of sealed files).

Defendants do not seek in this motion to unseal the contents

of the file, but only judicial notice of the document types in

the sealed record. *Benardi v. JP Morgan Chase Bank, NA*, 2012 WL

33894, *1 (N.D. Cal. January 6, 2012)(*slip copy*)(limiting

3

judicial notice to the "existence" of a document even if the "veracity and validity of the contents remain open to dispute").

Although Fed. R. Evidence 201(b) does not require any reason for judicial notice, notice is sought as a basis for further proceedings: (a). in this court concerning the conduct of the case; and (b). in the matter of *Pickard I*.

The Court has already described the "Confidential Informant file (CI File)" containing the "risk assessment file (RA File)" in its decisions. (*United States v. Pickard*, 2009 WL 939050, *8 (D. Kan. April 6 2009)(*unpublished Memorandum and Order*). The records at issue were provided by the Court to defense counsel on July 8, 2008. The document types of the records at issue were released publicly by DOJ, on October 3, 2012, in *Pickard I*. Hence, the Court is permitted to take judicial notice of its own files and records publicly available in *Pickard I*. See *Van Woundenberg*, *supra*.

**WHEREFORE**, Defendants request judicial notice the Court's sealed "CI File" consists of the following document types: (a). the undated 11-point "Risk Assessment"; (b). the January 19, 2001 Quarterly Management Review; (c). the March 30, 2001 Quarterly Management Review; and (d). the June 27, 2001 Deactivation Report.

4

Respectfully submitted,

s/William K. Rork
William K. Rork, #10109
1321 S Topeka Blvd
Topeka KS 66612-1816
785.235.1650
785.235.2421(fax)
rork@rorklaw.com
Attorney for Defendants

### CERTIFICATE OF SERVICE

I, the undersigned do hereby certify on the 19th day of March, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties of record.

s/William K. Rork
William K. Rork, #10109
**RORK LAW OFFICE**

### CERTIFICATION OF DIGITAL SUBMISSIONS

A copy of the foregoing was provided to the above-named recipients in digital format via ECF submission.

Further, all required privacy redactions have been made and, the digital submissions have been scanned for viruses with Symantec Antivirus Program 9.0.0.338, updated continuously and, according to the program, are free of viruses.

s/William K. Rork
William K. Rork #10109
**RORK LAW OFFICE**

**EXHIBIT A**

Case 5:00-cr-40104-RDR   Document 734-1   Filed 03/21/13   Page 2 of 2
Appellate Case: 12-3142   Document: 01019092165   Date Filed: 07/16/2013   Page: 27
*Knight, Page (Permanton)*
Case3:06-cv-00185-CRB  Document160  Filed 0/05/12   Page108 of 114

PAGE NUMBER:     280 - 282
DOCUMENT TYPE:   11 POINT RISK ASSESSMENT - PAGE 1 TO 3 OF 3

DATE:        UNDATED

                                        (    ) RELEASED
                                        ( X ) WITHHELD

      TO:   CONFIDENTIAL SOURCE FILE

    FROM:   DEA SPECIAL AGENT

PURPOSE:    FURTHERANCE OF CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| ENTIRE REPORT | IDENTITY OF A CONFIDENTIAL SOURCE | (b) (7) (D) (b) (7) (F) | CONFIDENTIAL SOURCE IDENTITY |
| | THIRD-PARTY NAME & INFORMATION | (b) (7) (C) (b) (7) (F) | NAME AND INFORMATION RELATED TO THIRD-PARTY |

*Pickard v. DEA*         PAGE 107

**EXHIBIT B**

Case 5:00-cr-40104-RDR   Document 734-2   Filed 03/21/13   Page 2 of 2
Appellate Case: 12-3143   Document: 01019092186   Date Filed: 07/16/2013   Page: 29
Case3:06-cv-00185-CRB Document165 Filed10/03/12 Page45 of 114

PAGE NUMBER:      133 - 134
DOCUMENT TYPE:   QUARTERLY MANAGEMENT REVIEW OF CS - DEA 6 & 6a PAGES 1-2 OF 2

DATE:        JANUARY 19, 2001

```
                                      (   )  RELEASED
                                      ( X )  WITHHELD
```

TO:    INVESTIGATIVE CASE FILE AND CONFIDENTIAL SOURCE FILE

FROM:    DEA SPECIAL AGENT

PURPOSE:     FURTHERANCE OF CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| ENTIRE REPORT | THIRD-PARTIES NAMES & IDENTIFYING INFORMATION | (b)(7)(C) (b)(7)(F) | NAMES AND INFORMATION RELATED TO THIRD-PARTIES |
| | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE | (b)(7)(D) (b)(7)(F) | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE |
| PAGE 1: BLOCKS 2, 10 | IDENTITY OF CONFIDENTIAL SOURCE | (b)(7)(C) (b)(7)(E) | CS IDENTIFIER CODE |
| PAGE 1: BLOCKS 4; PAGE 2: BLOCK 2 | INTERNAL MARKINGS & IDENTI-FIER | (b)(7)(E) | G-DEP IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12&14; DETAILS PARA 2,3 | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES, & INITIALS OF SPECIAL AGENTS & LAW ENFORCEMENT PERSONNEL |

*Pickard v. DEA*          PAGE 44

EXHIBIT C

Case 5:00-cr-40104-RDR   Document 734-3   Filed 03/21/13   Page 2 of 2
Appellate Case: 12-3143   Document: 01019092186   Date Filed: 07/16/2013   Page: 32
Case3:06-cv-00185-CRB   Document166   Filed10/03/12   Page57 of 114

PAGE NUMBER:      177 - 178
DOCUMENT TYPE:  QUARTERLY MANAGEMENT REVIEW OF CS - DEA-6 & 6a PAGES 1-2 OF 2

DATE:          MARCH 30, 2001

                                              (    ) RELEASED
                                              ( X ) WITHHELD

         TO:
              CONFIDENTIAL SOURCE FILE

       FROM:
              DEA SPECIAL AGENT

PURPOSE:        FURTHERANCE OF CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|------|------------------|-----------|----------|
| ENTIRE REPORT | THIRD-PARTIES NAMES & IDENTIFYING INFORMATION | (b)(7)(C) (b)(7)(F) | NAMES AND INFORMATION RELATED TO THIRD-PARTIES |
| | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE | (b)(7)(D) (b)(7)(F) | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE |
| PAGE 1: BLOCK 10 | IDENTITY OF CONFIDENTIAL SOURCE | (b)(7)(C) (b)(7)(E) | CS IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12&14; PAGES 1-2: DETAILS PARA 2-3; | NAMES, SIGNATURES & INITIALS OF LAW ENF. PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES, & INITIALS OF SPECIAL AGENTS & LAW ENFORCEMENT PERSONNEL |

*Pickard v. DEA*          PAGE 56

**EXHIBIT D**

Case 5:00-cr-40104-RDR  Document 734-4  Filed 03/21/13  Page 2 of 2
Appellate Case: 12-3143  Document: 01019092187  Date Filed: 07/16/2013  Page: 33
Case3:06-cv-00185-CRB Document165 Filed10/03/12  Page61 of 114

PAGE NUMBER:    189 - 190
DOCUMENT TYPE:  DEACTIVATION OF CS - DEA-6 & 6a PAGES 1-2 OF 2

DATE:
        JUNE 27, 2001

                                    (    ) RELEASED
                                    ( X  ) WITHHELD


      TO:
          CONFIDENTIAL SOURCE FILE

      FROM:
          DEA SPECIAL AGENT

PURPOSE:
          FURTHERANCE OF CRIMINAL INVESTIGATION

| ITEM | MATERIAL DELETED | EXEMPTION | CONTENTS |
|---|---|---|---|
| ENTIRE REPORT | THIRD-PARTIES NAMES & IDENTIFYING INFORMATION | (b)(7)(C) (b)(7)(F) | NAMES AND INFORMATION RELATED TO THIRD-PARTIES |
| | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE | (b)(7)(D) (b)(7)(F) | IDENTITY OF AND INFORMATION PROVIDED BY A CONFIDENTIAL SOURCE |
| PAGE 1: BLOCKS 3, 10; PAGES 1-2: DETAILS: PARA 1,3,5,7 | IDENTITY OF CONFIDENTIAL SOURCE | (b)(7)(C) (b)(7)(E) | CS IDENTIFIER CODE |
| PAGE 1: BLOCKS 5, 12&14; PAGES 1-2: DETAILS: PARA 2-5 | NAMES, SIGNATURES & INITIALS OF LAW ENF.PERSONNEL | (b)(7)(C) (b)(7)(F) | NAMES, SIGNATURES, & INITIALS OF SPECIAL AGENTS & LAW ENFORCEMENT PERSONNEL |

**EXHIBIT C**
MAY 2, 2013 MOTION FOR RULING RE: DOC. 734 (DOC. 736)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos.  00-40104-01-RDR |
| | ) | 00-40104-02-RDR |
| WILLIAM LEONARD PICKARD | ) | |
| | ) | |
| Defendant | ) | |
| v. | ) | |
| | ) | |
| CLYDE APPERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR RULING RE: DOC 734

**COMES NOW** the Defendants, William L. Pickard and Clyde Apperson, by and through their counsel, William K. Rork – "**RORK LAW OFFICE,**" and in support of this "**MOTION FOR RULING...,**" would advise the Court as follows:

1.  On March 19, 2013, Defendants served the Government with a Motion for Judicial Notice of the types of documents in the district court's sealed "CI file" containing the "Risk Assessment" of informant Gordon Todd Skinner (Doc. 734, filed March 21, 2013).

2.  To date, the Government has failed to respond to the motion.

3.  This Court is requested to summarily grant Defendants' motion in accord with:

1

    a.    D. Kan. Rule 6.1(d)(1) and 7.4, regarding routine granting of uncontested motions in the absence of any showing of excusable neglect; and

    b.    the plain wording of Fed. R. Evid. 201(c)(2), which provides the court "must" take judicial notice if a party requests it and the court is supplied with the necessary information, and the plain wording of Fed. R. Evid. 201(d) which provides the Court may take judicial notice "at any stage of the proceeding."

4.    Notably, the Government has on several occasions conceded Defendants knowledge of the document types in the "CI file" containing the "Risk Assessment," as follows:

    a.    the Government, in response to Defendants prior description of the document types has conceded Defendants' knowledge of the content of the "documents in question" and further conceded "district court possession of the actual sealed file, district court reference to these documents in opinions, and reliance on the documents by the U.S. Court of Appeals for the Tenth Circuit." (Doc. 666, item 5 at p. 3).

    b.    as a basis for the Government's recent response on the appeal of this Court's denial of a motion to unseal before the Tenth Circuit, the Government noted Defendants' "acknowledge they have inspected the sealed

documents," and quoted Defendants' description of the
document types ("Importantly, the sealed documents are
very limited, consisting only of the purported three-
page 'risk assessment' and three brief quarterly
reports on Skinner (1/19/01, 03/30/01, and 06/27/01)"
(see Appellate Case No. 12-3142, 12-3143, Doc.
01018975924, fn. 5, filed January 2, 2013).

**WHEREFORE**, in accord with D. Kan Rule 6.1(d)(1) and 7.4, and
Fed. R. Evid. 201(b), this Court is respectfully requested to
provide promptly its judicial notice of the document types in the
Court's sealed "CI file" containing the "risk assessment."

Respectfully submitted,

s/William K. Rork
William K. Rork, #10109
1321 S Topeka Blvd
Topeka KS 66612-1816
785.235.1650
785.235.2421(fax)
rork@rorklaw.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify on the 2nd day of May,
2013, I electronically filed the foregoing with the clerk of the
court by using the CM/ECF system which will send a notice of
electronic filing to all interested parties of record.

s/William K. Rork
William K. Rork, #10109
**RORK LAW OFFICE**

3

<u>**CERTIFICATION OF DIGITAL SUBMISSIONS**</u>

A copy of the foregoing was provided to the above-named recipients in digital format via ECF submission.

Further, all required privacy redactions have been made and, the digital submissions have been scanned for viruses with Symantec Antivirus Program 9.0.0.338, updated continuously and, according to the program, are free of viruses.

<u>s/William K. Rork</u>
William K. Rork #10109
**RORK LAW OFFICE**

**EXHIBIT D**

RELEVANT PORTION OF MAY 24, 2013 EMAIL FROM AUSA HOUGH TO THE
DISTRICT COURT CLERK AND COUNSEL FOR APPELLANTS

| From: | Hough, Greg (USAKS) [Greg.Hough@usdoj.gov] |
|---|---|
| Sent: | Friday, May 24, 2013 08:42 AM |
| To: | Pat Haley (pat_haley@ksd.uscourts.gov) |
| Cc: | William K. Rork (rork@rorklaw.com) . |
| Subject: | FW: Log sheet of CS file |

Attachments: 2013 05 23 redacted CS file log sheet to 2013 03 31.xlsx

Pat:

     Please find attached a spread sheet/index of all that should be in the CS file regarding Skinner. This was prepared by Agent Karl Nichols, DEA. (See below and attached).

     As you'll recall, DEA brought the file to the court in chambers and took it with them when the trial concluded. I was not allowed to have my own copy. Given the passage of time and having no copy of my own, I cannot speak definitively on what is, was, or should be in the CS file. It seems logical that Mr. Rork would be in the very same boat. Thus, I instructed Nichols to get the file, go through it, and prepare an index of what is in that file so that you can use it to prepare the file for the 10th Cir.

*Gregory G. Hough*
Assistant U.S. Attorney
Criminal Coordinator
444 S.E. Quincy, Ste. 290
Topeka, KS. 66683
(785) 295-2850

---

**From:** Nichols, Karl [mailto:Karl.J.Nichols@usdoj.gov]
**Sent:** Thursday, May 23, 2013 5:26 PM
**To:** Hough, Greg (USAKS)
**Cc:** Little Jr., William C. (DEA-US); Matheson, Ana A. (DEA); Frank, Gerry (USAAZ); Tseng, Neill (USACAN); Meno, Joe A. (DEA); Lupacchino, Daria (DEA)
**Subject:** Log sheet of CS file

Hi Greg,

Per the Kansas District Court's request for, in 00-40104-01/02 Pickard and Apperson, an index of the CS file, here is a spreadsheet listing the documents in the official file. This spreadsheet covers the period August 4, 1989 until March 31, 2003.

Please note that I cannot attest to the completeness of the file that the Court currently has; I did not copy it and did not review it prior to its submission to the Court during trial.

I have, however, reviewed the official CS file and have completed an index of all the documents in that file.

I have prepared this list in consultation with Bill Little and Ana Matheson. Bill advised that he doesn't believe the *Vaughn* index submitted to Judge Breyer in 06-CV-0185 (NDCA) identified

every piece of paper in the file, but instead, covered the pages responsive to Pickard's FOIA request.

Have a great weekend,

Karl


*Karl Nichols*
*Group Supervisor*
*Financial Investigations Team*
*San Francisco Field Division*
*(415) 436-7892 Office*
*(415) 436-7807 Fax*
*(415) 716-8040 Cell*